IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LOCKTON COMPANIES, LLC – PACIFIC SERIES, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-00791-SRB |
| SALLIE F. GIBLIN, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Certification of Partial Summary Judgment Under FRCP 54(b). (Doc. #131.) For the reasons discussed below, the motion is GRANTED. Further, Defendant's request for oral argument is DENIED.

### I. BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

On February 16, 2023, Plaintiffs Lockton Companies, LLC – Pacific Series, Lockton Investment Advisors, LLC, and Lockton Investment Securities, LLC f/k/a Lockton Financial Advisors, LLC (collectively, "Lockton") filed an amended complaint against Defendant Sallie F. Giblin ("Giblin"). Lockton asserts the following claims against Giblin: (I) Breach of Contract; (II) Tortious Interference with Plaintiffs' Prospective Economic Advantage/Prospective Business Relationships; (III) Breach of Fiduciary Duties and/or Duties of Loyalty; (IV) Misappropriation of Trade Secrets under the Missouri Uniform Trade Secrets Act ("MUTSA," MO. REV. STAT. § 417.450 et seq.) and DTSA (18 U.S.C. § 1836 et seq.); and (V) Declaratory Judgment.

Specifically, Lockton's request for Declaratory Judgment seeks a "judgment declaring the rights and obligations of the parties under the Member Agreements and Operating Agreements and that the choice of law, forum, notice of termination and non-solicitation provisions contained therein are lawful and enforceable." (Doc. #16, p. 56.)

On December 22, 2022, Giblin filed an action against Lockton in the Superior Court of the State of California seeking Declaratory Relief that that "California is the appropriate forum for this action." (Doc. #112, p. 36.) Lockton filed a motion to dismiss based on the Missouri forum-selection clause. However, the California court, applying California law, found that Lockton did not meet "their burden to show that the forum selection clause should be enforced on the ground that litigating [the] action in Missouri would not diminish any substantive rights afforded in California." (Doc. #63-8, p. 11) (emphasis added). Therefore, the California court denied Lockton's motion to dismiss.

On July 7, 2023, Lockton filed a motion for partial summary judgment in this Court seeking a declaration that the Missouri forum-selection clause is valid and enforceable, which was granted. Lockton now moves under Federal Rule of Civil Procedure 54(b) to certify the Court's order granting partial summary judgment for Lockton. Giblin opposes the motion. The parties' arguments are discussed below.

## II. LEGAL STANDARD

Rule 54(b) provides: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Under this rule, a party may immediately appeal (1) a final judgment in favor of fewer than all claims or parties, (2) for which the district court determines there is "no just reason for delay" to appeal that final judgment. *Huggins*, 566 F.3d 771, 773 (8th Cir. 2009); *see Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (recognizing the two-step analysis for the district court to decide whether to grant Rule 54(b) certification: first, the Court must consider whether the order is a "final judgment," that is one that represents "an ultimate disposition of an individual claim," and second, the Court must decide "whether a just reason for delay exists") (citations and quotation marks omitted). Ultimately, the decision whether to grant certification under Rule 54(b) rests within the discretion of the district court. *See Downing*, 810 F.3d at 585.

## III. DISCUSSION

Lockton argues (1) this "Court's summary judgment order fully disposed of one claim;" and (2) "there is no just reason to delay entry of final judgment" and, therefore, they are entitled to certification under Rule 54(b). (Doc. #132, pp. 11, 12.) Giblin disagrees. Each argument is addressed separately below.

### A. Whether the Court's summary judgment order fully disposed of one claim.

Lockton argues that the "the Court made an 'ultimate disposition' of Lockton's distinct, 'individual claim' that it has a legal right to litigate any disputes with Giblin exclusively in Missouri" because "*[w]here* the parties must bring their lawsuits is a distinct question from Lockton's other claims." (Doc. #132, pp. 11, 12) (emphasis in original.) Giblin counters that

3

"the issue of the enforceability of the Missouri [forum-selection clause] is not an 'individual claim,' but just a part of Lockton's fifth count for declaratory judgment[.]" (Doc. #144, p. 9.)

Under the two-step process laid out in *Downing*, the Court "must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." 810 F.3d at 585 (quoting *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011)). A final judgment is a decision where either a separate claim for relief has been completely resolved in a multiple claim action or the rights and liabilities of at least one party has been completely resolved in a multiple party action. *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

Here, the Court agrees with Lockton and finds that the Court's order declaring the parties' forum-selection clause enforceable resolved a distinct claim. First, the Court interprets Count V of Lockton's Complaint to contain multiple distinct and separate claims for declaratory judgment. That is, Lockton's claim seeking a determination that the Missouri forum-selection clause was valid and enforceable is distinct from, for example, a determination that the choice of law provision is enforceable. Indeed, the Court expressly stated that it "takes no findings yet on the enforceability of the other provisions that Lockton seeks declaratory judgment on within Count V." (Doc. #127, p. 8.)

While Giblin argues that the "enforceability of the Missouri [forum-selection clause] . . . is just a part of Lockton's fifth count for declaratory judgment," Rule 54(b) references "claims," not counts or causes of action. (Doc. #144, p. 9); Fed. R. Civ. P. 54(b). Here, while Count V of Lockton's complaint contains multiple requests for declaratory relief, Giblin has not cited any Eighth Circuit authority stating that there cannot be multiple claims within a single count for declaratory relief, especially when the requests deal with conceptually distinct issues involving

4

different legal standards. *See, e.g., Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No. 4:10-CV-1153 CEJ, 2014 WL 4450467, at *4 (E.D. Mo. Sept. 10, 2014) ("[a] forum-selection clause determines *where* an action will be heard, and is separate and distinct" from other contractual provisions such as choice of law clauses") (internal cite omitted); *Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 717 n.2 (D. Minn. 2014) ("Although enforceability of a forum selection clause is governed by federal law, issues involving contract interpretation—which are part of the enforceability inquiry—are governed by state substantive law.")

Contrary to Giblin's contention that "the enforceability of the Missouri [forum-selection clause] is intertwined with the enforceability of other contractual provisions," the Court finds the provisions are intertwined only to the extent that they appear in the same contract. (Doc. #144, pp. 9-10.) However, the enforceability of the remaining contractual provisions are separate legal questions this Court has not yet addressed.

Therefore, the Court finds that its order declaring the parties' forum-selection clause valid and enforceable resolved a distinct claim.

**B.    Whether there is just reason for delay in entering final judgment.**

Lockton next argues that the Court should enter a final judgment because "all five factors identified by the Eighth Circuit" that help determine whether no just reason for delay exists support certification. (Doc. #132, p. 12.) Giblin counters and argues that "Lockton cannot show it would suffer injustice through delay." (Doc. #144, p. 14.)

In determining whether there is no just reason for delay under step-two, the Court should analyze the following factors:

(1) the relationship between the adjudicated and unadjudicated claims;
(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

5

> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; and
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983).

First, the Court finds that there is not a close relationship between the adjudicated and unadjudicated claims. The question of whether the forum-selection clause is enforceable was a distinct claim from those claims yet to be resolved, which includes not only additional claims under the declaratory judgment count but also claims for misappropriation of trade secrets, breach of contract, breach of fiduciary duties, and tortious interference. The Court agrees with Lockton that "[w]here disputes Lockton and Giblin must be litigated" is a "threshold question" to those remaining unadjudicated claims. (Doc. #132, p. 13.)

Next, the Court finds that the forum-selection clause dispute will not be mooted. The determination of where the parties must bring their lawsuits is a threshold issue that will not be affected by any later determinations this Court makes on Lockton's remaining claims; therefore, there is "no possibility that the need for review might . . . be mooted by future developments in the district court." *Downing*, F.3d at 586. Further, the Court finds it highly unlikely that the "reviewing court might be obliged to consider" the forum-selection clause issue "a second time" as ruling on the forum-selection clause question will become law of the case. *Id.* Additionally, if the matter is appealed for a second time, the appellate court need not revisit the same issue. As for the fourth factor, since there is not a monetary award associated with the Court's ruling, there would not be a risk that the judgment to be made final would be subject to a setoff by unadjudicated claims. *See Downing*, 810 F.3d at 586 ("[G]iven that no money judgment has

been entered in favor of either party, no potential for setoff exists, tipping the fourth factor in favor of certification as well.") All together, the first four factors weigh in favor of certification.

Giblin, however, argues at length that the "miscellaneous factors" weigh against certification because "Lockton's certification request has nothing to do with an 'immediate appeal.'" (Doc. #144, p. 15.) Indeed, Lockton acknowledges that they plan to use certification to "preclude Giblin from continuing to litigate in California in breach of the forum-selection clause this Court upheld." (Doc. #132, p. 15.) The Eighth Circuit held in *Downing* "that a res judicata effect can properly be considered as a 'miscellaneous factor' under the *Hayden* factor analysis." *Downing*, 810 F.3d at 587. Here, just as in *Downing*, "significant resources" spent on this case are "at risk of being obviated by a ruling" in the California case. *Id.* Significantly, it is undisputed that Giblin seeks a determination from the California court that the forum-selection clause is unenforceable, which would be contrary to this Court's determination. Further, Giblin requested an "early trial" on her declaratory relief claim, which includes a request for a "judicial declaration that the . . . forum provision[] in [Giblin's] agreements with Lockton [is] void and unenforceable." (Doc. #63-9, p. 5; Doc. #63-7, p. 49.) This request is likely Giblin's "attempt[] to try the [California] state case before the [federal] district court's ruling . . . could become binding on the state court." *Id.* Therefore, the Court finds that the *Hayden* factors weigh in favor of certification under Rule 54(b).

IV. **CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Certification of Partial Summary Judgment Under FRCP 54(b) (Doc. #131) is GRANTED. Further, the Defendant's request for oral argument is DENIED.

**IT IS SO ORDERED.**

7

Case 4:22-cv-00791-SRB   Document 162   Filed 12/18/23   Page 7 of 8

Dated: December 18, 2023

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE